IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

___

SARA HAMELIN,

      Plaintiff,

v.

STAFFMARK INVESTMENT, LLC;        No.:
ASURION INSURANCE
SERVICES, INC.

                                                JURY DEMAND

      Defendants.

___

## COMPLAINT

___

THE PLAINTIFF, Sara Hamelin, files this Complaint against the Defendants, Staffmark Investment, LLC ("Staffmark") and Asurion Insurance Services, Inc. ("Asurion"). She shows:

## I.
## PRELIMINARY STATEMENT

1. This case is brought under the Tennessee Human Rights Act, Tenn. Code Ann. 4-21-101 *et. seq*. (THRA) which proscribes discriminatory employment practices due to in the compensation, terms, conditions, or privileges of employment. The basis for these claims is differential treatment based upon the pregnancy of the Plaintiff.

## II.
## PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff is Sara Hamelin, a resident of Smyrna, Tennessee.

3. The Defendants are businesses operating in Rutherford County and located at 1850 Midway Lane, Smyrna, Tennessee 37167.

4. This Court has jurisdiction pursuant to diversity of citizenship, as this case

1

involves "citizens" of different states and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1). Venue is proper because the alleged acts in this lawsuit occurred in this judicial district and/or because the Defendants conduct business in this judicial district.

5. Venue in this Middle District of Tennessee is proper pursuant to 28 U.S.C. 1391, because the Defendants do business in this district or reside in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

### III.
### FACTUAL BASES FOR SUIT

6. Defendant Staffmark is a temporary, or leasing, employer. It is located on the same site as Defendant Asurion. Staffmark leases employees, such as Plaintiff, to Assurion, and Assurion provides the work, supervises the work, and directs the work. Accordingly, Defendant Staffmark and Defendant Asurion are joint employers of Plaintiff.

7. Due to the nature of Asurion's business, employees at 1850 Midway Lane frequently wear earphones or earbuds. In fact, such earphones and earbuds are strewn around the workplace. Many employees use these earphones or earbuds to listen to music while they work, such as with an MP3 music player.

8. Not infrequently, these earphones or earbuds are temporarily taken or worn, innocently or deliberately, outside of the company's premises, such as during a break.

9. Plaintiff, who is nineteen, was hired to work for Defendants at a time when Plaintiff herself did not know she was pregnant. After she was hired, and after she learned she was pregnant, Plaintiff informed Defendants of her pregnancy.

10. Plaintiff's position, unlike most of the other positions of the leased Staffmark employees, involved hours of walking. Due to her pregnancy, Plaintiff requested that she be allowed a position like most of the other Staffmark employees. Defendants would not allow any

2

such accommodation (although it is allowed to non-pregnant employees, and Defendants continued to hire and place employees in positions more befitting a pregnant women).

11. On or about September 10, 2009, Defendants fired Plaintiff. After consulting Defendant Asurion, Defendant Staffmark informed Plaintiff that she was terminated because she had taken a set of earphones or earbuds outside the premises.

12. Other women came forward to Plaintiff. They explained to Plaintiff that she had been selected for differential treatment despite identical circumstances. So selective is the enforcement of this rule that Defendants have been known to ignore, or even laugh at, employee concerns of discipline for their innocent violation of the rule about headphones outside the premises.

13. Plaintiff files this lawsuit because she was treated differently than non-pregnant persons *because of* her pregnancy. Non-pregnant persons frequently commit the same "offense," without the same penalty. Alternatively, the rule is selectively enforceable, depending upon whether Defendants *want* it to be a fireable offense in a given case. Often, there is no penalty whatsoever.

14. Plaintiff seeks injunctive relief to include reinstatement. She seeks damages to include all lost wages (back pay and, if applicable, front pay), compensatory damages for the emotional experience of being fired under these circumstances due to her pregnancy, and her attorneys fees and costs.

## IV.
## CAUSES OF ACTION

15. The foregoing facts are incorporated.

16. Plaintiff brings the following causes of action against the Defendant:

a. Violation of the Tennessee Human Rights Act, T.C.A. ' 4-21-101 *et seq,* for discriminatory treatment based on pregnancy.

17. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be Awarded all monetary and compensatory damages available, any other equitable relief, injunctive relief, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which she may be entitled.

Respectfully submitted,

GILBERT RUSSELL McWHERTER PLC

/s/ Justin S. Gilbert
JUSTIN S. GILBERT (017079)
JONATHAN BOBBITT (23515)
101 North Highland
Jackson, Tennessee 38301
(731) 664-1340
(731) 664-1540 (Facsimile)
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*

4